UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

NICHOLAS MEDINA,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
16-CR-0378 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 13, 2017, Nicholas Medina ("Defendant"), pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(b)(1)(D) and 21 U.S.C. § 846. The Court now sentences the defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, the defendant is hereby sentenced to two years of incarceration to be followed by two years of supervised release.

## BACKGROUND

On June 6, 2016, the United States filed a Complaint against Defendant alleging he, along with others, had used the internet in conspiring to possess with the intent to distribute marijuana, a Schedule I controlled substance. Compl. at 1–2, ECF No. 1. The subsequent Indictment, filed on July 5, 2016, charged Defendant with one count of Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(b)(1)(D) and 21 U.S.C. § 846; and three counts of Unlawful Use of a Communication Facility, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Indictment at 1–2, ECF No. 8. Each count also includes criminal forfeiture allegations for any property constituting or derived from proceeds obtained as a result of the charged offenses. *Id.* at 2–3. On February 13, 2017, Defendant pleaded guilty to Count One of the Indictment, Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, pursuant to a Plea Agreement. *See* Plea Agreement, ECF No. 29.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### II. Analysis

#### A. Factor One: The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born in Brooklyn, New York, on November 7, 1997, to unmarried parents. Presentence Investigation Report ("PSR") ¶ 27, ECF No. 35. Defendant's father left

2

Defendant's mother when Defendant was two or three years old, and Defendant has no relationship with his father. *Id.* Defendant and one of his half-sisters were raised by their mother "under adequate financial circumstances"—Defendant's mother "received food stamps and financial assistance from friends and family," but the family "never went without the basic necessities." *Id.* ¶ 28. Defendant reported having had an uneventful childhood. *Id.* Defendant maintains good relationships with his mother and his three half-siblings, all of whom are aware of his conviction and remain supportive. *Id.* ¶¶ 27, 30.

Defendant has a history of anger management issues, reportedly due to his father's absence from Defendant's life. *Id.* ¶ 29. When he was just five years old, Defendant began seeing a psychiatrist for anger management and Attention Deficit Hyperactivity Disorder, but he stopped attending treatment at the age of twelve. *Id.* ¶ 38. Defendant "is generally in good [physical] health," otherwise. *Id.* ¶ 36. He was diagnosed with asthma as a child, but "only experiences symptoms of shortness of breath when he is sick," and he does not currently use his inhaler. *Id.* In addition, Defendant "was shot in his left arm and an unknown finger during the summer of 2015 or 2016" and, while the bullet was never removed, he did not report any issues with his left arm or finger. *Id.* ¶ 37.

Defendant also has a history of substance abuse and encounters with the criminal justice system.[1] He began smoking marijuana at the age of twelve and, although he stopped for four years to participate on his junior high school basketball team, he resumed at the age of sixteen.

---

[1] The Court deems Defendant's charged conduct to be the most relevant criminal history to this analysis, but notes that on June 28, 2015, Defendant "openly discussed his intention to commit an armed robbery in Facebook messages." Gov't Sentencing Mem. at 4, ECF No. 39; *see also* Gov't Sentencing Mem. Ex. J. at 2, ECF No. 39-10 (setting forth relevant Facebook messages). The Court further notes Defendant's Facebook page "depicted firearms possession[ and] intimidation and threats of violence to a young female." PSR ¶ 5.

*Id.* ¶ 40. Prior to his arrest, Defendant smoked an average of ten blunts every day. *Id.* Defendant is furthermore an identified member of the Crips street gang's Team Side sect. *Id.* ¶ 3. He was adjudicated a juvenile delinquent for the first time in June 2012, resulting in a twelve-month period of probation. Addendum to PSR at 1, ECF No. 36. Defendant was again adjudicated a juvenile delinquent in September 2013 in connection with a charge for criminal possession of a weapon, which was defaced for concealment purposes, in the third degree. *Id.* ¶ 18. This second adjudication resulted in an eighteen-month period of probation, PSR ¶ 18, which Defendant violated by failing to attend school on a regular basis—he reported being afraid to travel to school because he was subject to attacks by neighborhood gangs, and indeed he was menaced at gunpoint in April 2014, Addendum to PSR ¶ 18; *see also* PSR ¶¶ 42–43 (noting Defendant "was frequently absent from school" in ninth grade and "just stopped attending class" in tenth grade). Defendant was ultimately resentenced to seventeen months in a residential group home for his probation violation. Addendum to PSR ¶ 18. There are also multiple charges pending against Defendant in state court in connection with his arrest on July 17, 2015, for, *inter alia*, attempted murder. PSR ¶ 23. On January 12, 2016, Defendant was arrested and charged with grand larceny, *id.* ¶ 24, after he stole a cellphone out of a backpack on the subway, Addendum to PSR ¶ 24.

The instant offense, which Defendant committed "while on bail release and awaiting trial" for the charges pending in state court, PSR ¶ 64, involves conspiracy to distribute and possess with intent to distribute marijuana, *id.* ¶ 1. Defendant was arrested on June 7, 2016, after an investigation conducted by the Federal Bureau of Investigation and the New York City Police Department uncovered numerous Facebook messages and pictures posted by Defendant

pertaining to the sale of marijuana. *Id.* ¶¶ 3–4. He was incarcerated at the Metropolitan Detention Center in Brooklyn, New York, and in November 2016, he received an incident report for refusing to obey an order. *Id.* ¶ 34. Also while in prison, Defendant "has taken part in resume management and health education program classes"; he never received a high school diploma, but he has indicated he is interested in obtaining his GED. *Id.* ¶¶ 34, 42–43. Defendant has been incarcerated since his arrest. *Id.* at 1.

### B. Factor Two: The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence punishes Defendant for violating federal law and is crafted to deter him and others from engaging in similar criminal activity in the future. Furthermore, the Court's sentence recognizes the need to promote respect for the law. Finally, the Court's sentence takes into account Defendant's youth as well as his criminal history.

### C. Factor Three: The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(b)(1)(D) and 21 U.S.C. § 846, for which he

faces a maximum term of imprisonment of five years. *See* 21 U.S.C. § 841(b)(1)(D). In addition, the Court must impose a term of supervised release of at least two years, as Defendant does not satisfy the mitigating factors in 18 U.S.C. § 3553(f). *See* 21 U.S.C. § 841(b)(1)(D).

Because the offense is a Class D felony, Defendant instead may be sentenced to a term of probation of not less than one nor more than five years, with one of the following conditions, unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. §§ 3561(c)(1), 3563(a)(2). Defendant also faces a maximum fine of $250,000.00, *id.* § 3571(b), denial of federal benefits, 21 U.S.C. § 862, and the mandatory special assessment of $100.00, 18 U.S.C. § 3013.

### D. Factor Four: The Kinds of Sentence and the Sentencing Range Established For Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

Sentencing Guidelines § 2D1.1(a)(5) applies to violations of 21 U.S.C. § 846 and, per Guidelines § 2D1.1(c)(17), sets a base offense level of six. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(a)(5), (c)(17) (Nov. 2016) ("USSG"). Defendant's acceptance of responsibility by pleading guilty permits a reduction by two levels. *Id.* § 3E1.1(a). Accordingly, Defendant's total adjusted offense level is four. Defendant has a criminal history score of two and a criminal history category of one. PSR ¶¶ 18–21; Addendum to PSR.

With a total offense level of four and a criminal history category of two, the Guidelines suggest a term of imprisonment of between zero and six months. USSG ch. 5, pt. A. The Guidelines further recommend a term of supervised release of two years, *id.* § 5D1.2(a)(2); a fine

of between $500.00 and $9,500.00, *id.* § 5E1.2(c)(3); and payment of the costs of prosecution, *id.* § 5E1.5. Alternatively, Defendant is eligible under the Guidelines for a term of probation of no more than three years. *See id.* §§ 5B1.1 cmt. n.1(a), 5B1.2(a)(2).

### E. Factor Five: Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). The Court considers two such statements relevant to this case.

First, "[a]ge (including youth) may be relevant in determining whether a departure is warranted," but only in cases where "considerations based on age . . . are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." USSG § 5H1.1. In the context of this case, the Court does not consider Defendant's relative youth—he is 19 years of age as of the date of his sentence—to create circumstances so unusual as to warrant a departure.

Second, a "court may depart upward to reflect the actual seriousness of the offense based on conduct . . . that did not enter into the determination of the applicable guideline range," *i.e.*, uncharged conduct. *Id.* § 5K2.21. In this case, the Court considers that, "[p]er information from the Government, the defendant possessed and trafficked firearms, made threats of violence[,], and planned to commit an armed robbery as a member of the Crips street gang." PSR ¶ 63.

### F. Factor Six: The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

7

similar conduct." 18 U.S.C. § 3553(a)(6). In considering the other six § 3553(a) factors, the Court's sentence sufficiently avoids unwarranted sentence disparities.

### G. Factor Seven: The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see* 18 U.S.C. § 3663.

## CONCLUSION

A sentence of two years of incarceration followed by two years of supervised release, with conditions of release as recommended by the United States Probation Department and payment of the $100.00 mandatory assessment, is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2). The Court expressly adopts the factual findings of the Presentence Investigation Report, the Addendum to the Presentence Investigation Report, and the Second Addendum to the Presentence Investigation Report.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2017
Brooklyn, New York